1
2
3
4              UNITED STATES  DISTRICT COURT
5                Northern District of California
6
7   FORTINET, INC,                          No. C 12-02540 JSW (MEJ)
8                    Plaintiff,
         v.
9
    SRI INTERNATIONAL, INC,
10
                     Defendant.
11
    _____
12  CHECK POINT SOFTWARE                     No. C 12-03231-JSW (MEJ)
    TECHNOLOGIES INC.,
13
                     Plaintiff,             **DISCOVERY ORDER**
14       v.
15  SRI INTERNATIONAL, INC,
16                   Defendant.
    _____/
17
18
19       On February 7, 2013, the parties filed a pair of discovery letters regarding Plaintiffs'

20  responses to SRI's Interrogatories 8 and 9 and its request for Production 11, 26, 58, and 66, seeking

21  information and documents relating to customers for the accused products in this case.  Because the

22  parties had failed to meet and confer before filing their letters, on March 11, 2013, the Court issued

23  an order requiring the parties to appear in court to meet and attempt to resolve their dispute.  Dkt. No.

24  63.  On March 15, 2013, the parties met for several hours and were able to come to an agreement on

25  several issues; however, certain matters remain unresolved.  Consequently, following their meet and

26  confer session, the parties filed the instant letter outlining the issues that remain in dispute.  Dkt. No.

27  64

28       In the letter, SRI indicates that Plaintiffs "have agreed to produce customer and Accused

Product specific revenue data from the date SRI provided notice of infringement forward. Plaintiffs also agree to compile and produce aggregate sales revenue from 2006 forward for the accused products identified in SRI's infringement contentions." SRI further explains that Plaintiffs "also agree to extract and produce the documents on the Accused Products contained within their customer support databases within a time frame as set out [in the letter]." While SRI believes that this production may be useful in advancing the discovery process forward, it indicates that it still needs to review the information and may renew its motion to compel production if it finds that the information produced is deficient.

The parties, however, have been unable to resolve the issue regarding email production in response to SRI's requests for customer-related documents. According to SRI, Plaintiffs have refused to search any email from employees who may have communicated with customers to induce them to use the products in an infringing manner and have not identified persons/employees with relevant customer-related information. Plaintiffs, in response, argue that SRI's requests for production are "exceedingly broad in scope . . . and especially burdensome given the size of Check Point and Fortinet and the number of customers." Plaintiffs state that they agreed to search email if SRI will provide search terms and specify custodians, but SRI has refused to do so. Plaintiffs also request that the Court enter a version of the Federal Circuit Model Order or Northern District of California Model Order adopting limits on custodians and search terms.

The Court has considered the parties' positions, and rules as follows. Within five days of this Order, Fortinet and Check Point shall identify to SRI any employees/custodians who are known to have customer information responsive to SRI's requests. Thereafter, email production shall proceed consistent with the following framework.

1.    Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

2.    Each requesting party shall limit its first email production requests to a total of ten (10) custodians per producing party for all such requests. Sixty (60) days after the receipt of initial

1  documents responsive to the first set of email production requests, a party may make additional email

2  production requests to five (5) custodians.  The five custodians who receive the additional email

3  production requests may include custodians from whom documents have already been requested.

4  The parties may jointly agree to modify these limits without the Court's leave.  The Court shall

5  consider contested requests for up to five (5) additional custodians per producing party, upon

6  showing a distinct need based on the size, complexity, and issues of this specific case.  Should a party

7  serve email production requests for additional custodians beyond the limits agreed to by the parties or

8  granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs

9  caused by such additional discovery.

10         3.      Each requesting party shall limit its first email production requests to a total of twenty

11  (20) search terms per custodian per party.  Each requesting party shall limit its additional email

12  production requests to a total of five (5) search terms per custodian per party.  The parties may jointly

13  agree to modify these limits without the Court's leave.  The Court shall consider contested requests

14  for up to five (10) additional search terms per custodian, upon showing a distinct need based on the

15  size, complexity, and issues of this specific case.  The search terms shall be narrowly tailored to

16  particular issues.  Indiscriminate terms, such as the producing company's name or its product name,

17  are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of

18  overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and

19  "system") narrows the search and shall count as a single search term.  A disjunctive combination of

20  multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or

21  phrase shall count as a separate search term unless they are variants of the same word.  Use of

22  narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and

23  shall be considered when determining whether to shift costs for disproportionate discovery.  Should a

24  party serve email production requests with search terms beyond the limits agreed to by the parties or

25  granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs

26  / / /

27  / / /

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1 / / /

2 caused by such additional discovery.

3      **IT IS SO ORDERED.**

4

5 Dated: March 27, 2013

6                               Maria-Elena James

                              United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

4